**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lisbeth N. Diaz Giron, a married woman )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>Community Bridges, Inc., a nonprofit)<br>Arizona corporation; Claudio Arturo)<br>Sinclair, a single man; Michael Smith, a)<br>married man; Does I-XX; XYZ)<br>Corporations I-XX; and Black and White)<br>Partnerships I-XX, )<br>)<br>Defendants. )<br>_____) | No. 2:06-cv-00236<br><br>**ORDER** |

Pending before the Court is Defendant Claudio Arturo Sinclair's ("Sinclair") Motion to Dismiss submitted pursuant to Fed.R.Civ.P. 12(b), 4(m). (Dkt. 9.)  Defendant Sinclair alleges that Plaintiff Lisbeth N. Diaz Giron did not timely serve Sinclair with a Summons in accordance with this Court's Order dated February 1, 2006, which ordered Plaintiff to "effect service of the complaint and summons upon all Defendants no later than 120 days after the filing of the Complaint." (Dkt. 6.)

Under Rule 4 of the Federal Rules of Civil Procedure, the plaintiff shall serve copies of the summons and complaint on each of the defendants within one hundred and twenty (120) days of the filing of the Complaint.  Fed.R.Civ.P. 4(c)(1), (m).  If service is not made upon a defendant within 120 days, the court must dismiss the action without prejudice as to that defendant, or may direct that service be effected within a specified time if the plaintiff shows good cause for the failure.  Fed.R.Civ.P. 4(m).  Federal courts hold that the 120 day

period for timely service runs from the date a Notice of Removal is filed in federal court, rather than from the date the action is commenced in state court. <u>Eccles v. National Semiconductor Corp.</u>, 10 F.Supp.2d 514, 523 (D.Md. 1998); <u>Randolph v. Hendry</u>, 50 F.Supp.2d 572 (S.D.W.Va. 1999). This reasoning stems from the fact that the federal court does not obtain an interest in the action, and therefore cannot dictate the terms of service, until a Notice of Removal is filed. <u>Randolph</u>, 50 F.Supp.2d at 580. However, if removal does not occur until after state law would demand dismissal for failure to timely serve, then state law applies and it is dismissed. <u>Wolfe Cycle Sports, Inc. v. Yamaha Motor Corp.</u>, 366 F.Supp.2d 885, 887 (D. Neb. 2005).

The Notice of Removal in this action was filed on January 24, 2006, which preceded the expiration of time to serve under state law, due to extensions granted to Plaintiff Giron by the state court. <u>See</u> Dkts. 1, 9, Ex. A (service extended to February 8, 2006). Defendant Sinclair was subsequently timely served on April 21, 2006, which was within 120 days of the filing of the Notice of Removal.

Accordingly,

**IT IS HEREBY ORDERED DENYING** Defendant Claudio Arturo Sinclair's Motion to Dismiss. (Dkt. 9.)

DATED this 28th day of August, 2006.

Stephen M. McNamee
United States District Judge

- 2 -